UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHAMUS MCDANIEL,

    Plaintiff,

    v.                                                                    CIV. NO. 10-1124 LFG/ACT

ALBUQUERQUE POLICE OFFICER
JOAN MARENTES,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the parties' Unopposed Motion for Protective Order and Request for In Camera Review of the Internal Affairs file of Defendant Albuquerque Police Officer Joan Marentes, filed March 21, 2011 [Doc. 21]. The Court has reviewed the pleadings, the documents submitted by the Defendant, the pertinent law and finds that the parties' Motion is well taken in part.

Plaintiff filed his Complaint to Recover Damages for Deprivation of Civil Rights ("Complaint") on October 18, 2010. His allegations against Defendant are unreasonable seizure, prosecution without probable cause and selective prosecution, excessive force, and retaliation for exercise of First Amendment right of freedom of speech. Plaintiff did not assert a claim for municipal liability.

Defendant produced the Internal Affairs file of the Defendant and a "Vaughan" index asserting that all the documents in the Internal Affairs file should not be produced because:

    1.    Official information privilege;
    2.    Privileged and Confidential per § 9-4-1-13 of the City of Albuquerque Code of Ordinances;
    3.    Officer's right to privacy; and
    4.    Irrelevant and not reasonably calculated to lead to discoverable information.

"Claim of Privilege Cover Sheet."[1]

The Court will review the documents at issue pursuant to *Denver Policemen's Protective Association v. Lichtenstein*, 660 F.2d 432, 437 (10th Cir. 1981). The procedure under *Lichtenstein* requires the court to determine whether the information contained in the internal affairs files is so personal or sensitive as to warrant protection, and whether the individual's right of privacy is outweighed by some outside compelling interest. The Court must also determine if the requested material is relevant. *Id*. at 437. Generally, the court must also consider whether there exists a legitimate expectation of privacy in the matters contained in the file; if the disclosure serves a compelling interest; and whether the disclosure can be made in the least intrusive manner. *Id*. at 435. A complete ban of disclosure of internal affairs files is not necessary to protect the government's or the public's interest. *Id*. at 437. However, the court must carefully balance the competing interests to determine whether information should be produced or disclosed.

In determining whether the documents are discoverable the Court looks to the relevant law.[2] The United States Supreme Court in *Graham v. Connor*, 490 U.S. 386 (1989) established the "objective reasonableness" standard for excessive force claims. Under this standard, the officer's subjective state of mind is not at issue and thus prior bad acts on the part of an individual officer are immaterial to the case. *Tanberg v. Sholtis*, 401 F.3 1151, 1167 (10th Cir. 2005). Similarly, the "objective reasonableness" standard applies to claim of unreasonable seizure. *Thomson v. Salt Lake County*, 2006 WL 3254471 (D. Utah 2006). An exception to this rule is when a claim is asserted for

---

[1] The "Claim of Privilege Cover Sheet" will be filed under seal.

[2] Defendant failed to support its propositions of law by citation to authority or provide to the Court the relevant law underlying this matter. D.N.M.LR-Civ. 7.3(a). As to the city ordinance cited by Defendant, the Court determined that it governs the Independent Review Office and the Independent Review Officer. However, Defendant did not provide any argument or support as to why this ordinance prevents the disclosure of Defendant's internal affairs file.

municipal liability. In this matter there is no claim for municipal liability.

The elements for a claim of malicious prosecution are:

"(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages."

*Miller v. Spiers*, 2009 WL 2219256, *4 (10th Cir. 2009). Government retaliation against a plaintiff for exercising his or her First Amendments rights is shown by proving the following elements:

(1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

*Worrell v. Henry,* 219 F.3d 1197, 1212 (10th Cir. 2000) (citation and internal quotes omitted).

In light of the above and in reviewing the documents submitted, the Court finds that documents IA-0001-0002 and documents IA 110-334 are not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26b)(1). The Court will not order their production. The Court further finds that documents concerning the investigation underlying this matter, IA 0003-IA0109 are reasonably calculated to lead to the discovery of admissible evidence. *Id*. As these documents are the investigation underlying this matter the disclosure serves a compelling interest. And, in reviewing the documents, the court finds that there is no legitimate expectation of privacy as this was an investigation of a complaint made by the Plaintiff. The Court will order production of these documents pursuant to a protective order.

Finally, the parties request the Court to draft and enter a protective order on their behalf. The Court declines to do so. The parties may submit an agreed upon protective order which the Court will consider. If the parties cannot agree on the form of the order Plaintiff and Defendant are to

submit separate orders for the Court's consideration.

**IT IS THEREFORE ORDERED** that the parties' Unopposed Motion for Protective Order and Request for In Camera Review of the Internal Affairs file of Defendant Albuquerque Police Officer Joan Marentes is granted in part and denied in part.

**IT IS FURTHER ORDERED** that within ten (10) days of entry of this Order, the parties will submit a proposed protective order or orders as instructed by the Court.

**FINALLY, IT IS ORDERED** that Defendant will produce documents IA 0003-IA 0109 within 15 (fifteen) days after entry of a protective order.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**